THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* NICOLÁS MARTÍNEZ SANTIAGO, Defendant and Appellant.

No. CR-64-243.    Decided March 11, 1965.

*Víctor Tirado Saltares* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant, 43 years of age, was found guilty by a jury, of the offense of robbery, 33 L.P.R.A. § 851. The evidence of the People showed that appellant broke into the victim's bedroom at nighttime, gave him a beating with a stick and robbed him of $33 which the latter had collected that day. The victim, who is 66 years old, worked as watchman of a construction project where appellant also worked. The day of the occurrence was pay day. When the victim screamed some people from the neighborhood ran to the place since he lives in the urban zone of Hato Rey. Some seized the attacker when he ran out of the building where the occurrence took place, and others assisted the injured man who was bleeding profusely and had him hospitalized.

The evidence introduced by the defense consisted of a version, not believed by the jury, that appellant at no time visited the victim's bedroom; that on that night he had called on his (appellant's) wife; that he ran past the victim's place at that instant because he was running away from a taxi driver who had hit him (appellant) because he had not paid his fare in full.

■ He assigns four errors. The first two refer to the fact that the trial court erred in giving instructions about alibi. Although it may be said that the judge charged the jury on alibi without it being necessary, it is also true that on several occasions he instructed in the sense that the jury should acquit defendant in any of these two alternatives: (1) if the alibi defense had been proved (in the sense that defendant could not have been in the injured man's room since he was somewhere else); (2) in case they had reasonable doubt of defendant's entering said room or reasonable doubt about defendant having been the perpetrator of the crime. (Tr. Ev. 98 *et seq.*) Taken as a whole the instructions of the judge were just and did not prejudice defendant. The verdict of the jury is justified by the evidence.

■ In the third error it is alleged that the judge unduly intervened in the proceeding. We have read the full transcript of the evidence and are of the opinion that the error assigned lacks merit. It is almost impossible for a judge who presides a case in which evidence is introduced and in the course of which seven witnesses testify, to remain silent during the whole proceeding. The interventions of the judge were normal and harmless.

■ The fourth and last error assigned also lacks merit. It is alleged therein that the court did not give instructions on the offense of petit larceny. The defense did not ask for special instructions when the judge finished giving his instructions and when he asked whether there were special instructions to be requested. (Tr. Ev. 100.) He cannot allege now, on appeal, the omission of such instructions as an error. *People* v. *Del Valle, ante,* p. 167; *People* v. *Pinto Medina,* 90 P.R.R. 570 (1964); *People* v. *Rodríguez Correa,* 88 P.R.R. 635 (1963).

The judgment appealed from will be affirmed.